IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10032
Conference Calendar
_____


JOEL MASK,

                                        Plaintiff-Appellant,

versus

NANCY JONES, Caseworker, Texas Department of Protective
and Regulatory Services; TEXAS DEPARTMENT OF HUMAN SERVICES;
LISA KAY CARNES, Parole Officer, Board of Pardon and Parole;
DANIEL R. WHELLER, Attorney at Law, Chappel and Lanehart,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-330-C
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Joel Mask, Lubbock County Jail # 059445, TDCJ-ID # 467379, appeals the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(g).  The district court found that Mask had three prior civil rights cases dismissed as frivolous, malicious, or for failure to state a claim.

        Mask argues that he was not notified that he had been sanctioned under the three strikes rule prior to filing his claim

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in forma pauperis.  He contends that he is able to pay the filing fee for his claim as he is entitled to do.

Mask was put on notice in this court's opinion in Mask v. Lampert, No. 97-11283 (5th Cir. Aug. 18. 1998) (unpublished) that he was subject to the three strikes provision of § 1915(g) and that he may no longer proceed IFP unless he was under imminent danger of serious physical injury.  Mask does not challenge the district court's finding that his allegations did not meet this criteria.  Further, his contention that he is able to pay the filing fee and would have done so if he had been put on notice that § 1915(g) would be applied, is in direct contradiction to his statement in his motion to proceed IFP, made under penalty of perjury, that he was unable to prepay the filing fee.

Mask's appeal is DISMISSED as frivolous.  5TH CIR. R. 42.2. The district court sanctioned Mask monetarily in the amount of $50.00 for failing to disclose his prior lawsuits.  We sanction him further for making the false statement in his IFP application that he could not pay, when he now asserts that he could.  We note that Mask was able to pay the $105.00 for this appeal.  Mask is hereby ORDERED to pay a sanction of $150.00, the amount he represents that he could have paid to file this action.  His motions are DENIED.